**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**MARCUS CHERRY,**

        **Petitioner,**

  **v.**                            **Civil Action No. 1:12cv23**
                                            **(Judge Keeley)**


**WARDEN TERRY O'BRIEN,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Background

On January 31, 2012, the *pro se* petitioner, Marcus Cherry, an inmate at USP Hazelton, filed a Habeas Corpus petition form pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner alleges that he was punished and his good time credit was revoked without adequate due process and that the Disciplinary Hearing Officer [DHO] used confidential information to support a finding of guilt without allowing Petitioner to confront the information. Further, the petitioner requests that the court expunge the incident report from his record, reinstate his good time credits, and remove his management variable. *See* Pet.

On March 9, 2012, the petitioner paid the requisite five dollar filing fee. (Doc. 8). Then, on March 13, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. (Doc. 8).

On May 3, 2012, the respondent filed a Motion to Dismiss or for Summary Judgment and Response to Show Cause Order and a supporting Memorandum of Law with several attached exhibits. (Docs. 13, 14). On May 8, 2012, the court issued a *Roseboro* notice; however, as of this date, the petitioner has not responded. (Doc. 15).

## II. Facts

Petitioner has been a federal inmate at USP Hazelton since September 14, 2011. *See Exhibit 1, Declaration of Kevin Littlejohn* [Littlejohn Decl.]. Prior to his incarceration at Hazelton, he was designated to the Federal Correctional Institution in Allenwood, Pennsylvania from May 13, 2010 to September 12, 2011. *Id.* Petitioner is serving an eighty-eight (88) month sentence followed by a four (4) year term of supervision for Distribution of Cocaine Base in violation of 21 U.S.C. § 841(A)(1) and (B)(1)(III). *Id.* He is projected for release on February 21, 2016 via Good Conduct Time release. *Id.*

On December 23, 2010, Petitioner received an incident report for violating the Bureau of Prison's [BOP] Discipline Code 104, Possession of Sharpened Weapon/Instrument. *Id.* This report followed a search of the petitioner's cell at Allenwood on December 22, 2010, which produced an altered toothbrush that was sharpened to a point at one end and taped to the bottom shelf of Petitioner's locker. *Id.* On February 25, 2011, the petitioner received copies of the Inmate Rights at Disciplinary Hearing form and his Notice of Disciplinary Hearing. The hearing notice stated the charge he faced and indicated that his hearing time would soon be scheduled. At this time, Petitioner indicated that he wanted a staff member to represent him, and he indicated that he did not wish to call any witnesses at the hearing. *Id.*

On March 10, 2011, the DHO at FCI Allenwood found Petitioner guilty of violating BOP

Discipline Code 104, *Possession, Manufacture, or Introduction of a Weapon*. The DHO sanctioned Petitioner with (1) sixty days disciplinary segregation, (2) disallowance of fifty-four days Good Conduct Time, (3) forfeiture of fifty-four days non-vested Good Conduct Time, (4) loss of phone privileges for eight months, and (5) loss of visitation for eight months. *Id.*

Following the DHO's findings, Petitioner filed appeals to each level of the BOP's Administrative Remedy Process. The BOP denied Petitioner's appeals at each level. *Id.* Therefore, Petitioner has exhausted his administrative remedies and may challenge the violation in federal court.

### III. Contentions of the Parties

**A.      The Petition**

In the § 2241 petition, Petitioner asserts that the court should expunge this disciplinary violation from his institutional record, reinstate his good credit time, and remove his management variable. The petitioner maintains that he was denied procedural due process during his disciplinary hearing due by alleging that the DHO used confidential information to determine his guilt and did not allow the petitioner to confront the information.

**B.      The Response**

The Government asserts that Petitioner's claim should be denied. The Government contends that the petitioner was afforded all requisite due process rights throughout the disciplinary process. In addition, it maintains that the DHO relied upon adequate evidence when finding the petitioner guilty of the prison violation.

### IV. Standards of Review

**A.      Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,

3

it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in

*Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B.  Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon ,* 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather

than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 1986).

## V. Analysis

**A.      Petitioner's Due Process Rights were not violated.**

The Supreme Court has identified due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if the inmate is illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; (5) the decision-maker must be impartial. *Wolff v. McDonnell,* 418 U.S. 539, 564-571 (1974).

First, the petitioner was given written notice of the hearing on December 23, 2010, therefore, the petitioner was given adequate notice of the hearing as it was conducted on March 10, 2011. Second, the DHO provided the petitioner with a written report describing the evidence used in finding he violated the prison rule. Third, the petitioner declined to call witnesses or present evidence at the disciplinary hearing. Fourth, the petitioner chose to have a staff member represent him at the disciplinary hearing, and the petitioner met with the staff member before the hearing to discuss his case. Finally, the petitioner does not allege and no evidence shows that the decision-

maker was not impartial.

Although the petitioner alleges that the DHO used confidential information to support the finding of guilt, the DHO in his case did not use confidential information. The DHO's Report includes a paragraph concerning confidential information; however, the DHO noted that the paragraph was not applicable to the case. This indicates that no confidential information was used to support the DHO's findings.

The BOP provided the petitioner with adequate procedural due process pursuant to *Wolf.  See also McKinnon v. Caraway,* 2010 WL 3123264 at **3-4 (procedural due process requirements satisfied where inmate "received advanced written notice of the DHO hearing" and DHO "did not prepare the disciplinary report, investigate the infraction, or testify as a witness").

**B.  The evidence used by the DHO was adequate to find the petitioner violated the prison rule because due process merely requires some evidence supporting the DHO's conclusion when revoking good time credit.**

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455 (1985).  The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. *Id.*

In *Hill*, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate.  The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." *Hill,* 472 U.S. at 456.  Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he

Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill,* 472 U.S. at 457.

In the instant case, the DHO explained that he relied upon (1) the Reporting Officer's statement; (2) supporting photographs depicting the homemade sharpened weapon; and (3) that the altered toothbrush was found taped to the bottom shelf of Petitioner's locker. Therefore, the DHO relied upon "some evidence" in concluding that the petitioner violated the prison rule and revoking the petitioner's good conduct time.

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss; Motion for Summary Judgment (Doc. 13) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**. Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on

the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: June 6, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE